UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>KEITH FAGUNDES,<br><br>        Defendants. | Case No. 1:23-cv-00846-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 1)<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |

    Plaintiff Christina Moore ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's complaint, filed on June 2, 2023, seeks to hold Kings County District Attorney Keith Fagundes liable for failing to file a proper information in a state criminal case against Plaintiff. Plaintiff asks this Court to dismiss the state criminal case with prejudice and to enter a permanent injunction requiring Kings County to adopt appropriate policies related to the hiring and supervision of its police officers and sheriffs.[1]

---

[1] On June 15, 2023, Plaintiff filed a notice of removal to federal court averring that the United States of America had removed case number 20CMS-4632A (the state criminal case identified in Plaintiff's complaint) to this Court pursuant to 28 U.S.C. 1446(d). The United States has not removed Plaintiff's state criminal case to this Court. Moreover, Plaintiff's notice does not identify any statutory basis applicable to her that would allow her state criminal

1

The Court concludes that the complaint fails to state any cognizable claims. Under settled Federal law, prosecutors are immune from lawsuits for damages based on their work as prosecutors in the case. Accordingly, the Court recommends dismissal of Plaintiff's complaint.

## I.     SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges that her Due Process and Equal Protection rights under the Fourth and Fourteenth Amendments have been violated. (ECF No. 1, p. 3). Plaintiff also alleges violations of her rights pursuant to the California constitution and California Penal Code Sections 739, 849, 859, 861, 864, 865, 866.6, 871.6, 876, 877, and 883. (*Id.*)

---

case to be removed to federal court. *See* 28 U.S.C. § 1442 (listing the type of defendants who may remove a criminal prosecution that is commenced in state court to federal court). As the Court is recommending that Plaintiff's case be dismissed, the Court will take no action on Plaintiff's notice of removal.

Plaintiff alleges as follows:

The District Attorney was negligent in the discharge of his duties and responsibilities by not filing a proper information as provided in California Penal Code 872 in the Superior Court of the county within 15 days after commitment according to California penal Code 739. (*Id.*, p. 4). Plaintiff alleges that the violations at issue in her complaint took place on March 17, 2022, and September 14, 2022. (*Id.*) In support of her complaint, Plaintiff includes as an exhibit an information filed against Plaintiff in Kings County Superior Court and affidavit of fact filed by Plaintiff in the criminal case. (*Id.*, pp. 7-12).

Plaintiff's affidavit states that Plaintiff was arrested without probable cause on September 14, 2020[2], in Courtroom 5 of the Kings County Superior Court. (*Id.*, p. 10). Plaintiff's affidavit lists several deficiencies as to her arrest and charges. (*Id.*, pp. 11-12).

As relief, Plaintiff asks this Court to dismiss the criminal case with prejudice.

### III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

Although Plaintiff provides very few facts in her complaint, it is clear that Plaintiff's claims cannot proceed. Plaintiff is seeking to sue Defendant for prosecuting her in a criminal case and for actions performed by Defendant in his role as a prosecutor. But prosecutors are immune from such lawsuits under settled law, as the Ninth Circuit has explained:

> Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts. The Supreme Court has held that this rule follows for the same reason that prosecutors were given immunity at common law—without it, resentful defendants would bring retaliatory lawsuits against their prosecutors, and because a prosecutor "inevitably makes many decisions that could engender colorable claims of constitutional deprivation[, d]efending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor." *Van de Kamp v. Goldstein,* 555 U.S. 335, 342, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 425–26, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)) (internal quotation marks omitted). Without the promise of immunity from suit, a prosecutor would be distracted from his duties and timid in pursuing prosecutions rather than exercising the independent judgment and discretion that his office requires. *See id.* Moreover, "the judicial process is available as a check on prosecutorial actions," and it reduces the need for private suits for damages to keep prosecutors in line. *Burns v. Reed,* 500 U.S. 478, 492, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *see Mitchell v. Forsyth,* 472 U.S. 511, 522–23, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ("[T]he

---

[2] The Court notes that Plaintiff's civil complaint form states that the incidents giving rise to her complaint took place on March 17, 2022, and September 14, 2022. (ECF No. 1, p. 4).

> judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results.").

*Lacey v. Maricopa County,* 693 F.3d 896, 912 (9th Cir. 2012); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity"); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted.").

That is not to say that Plaintiff has no way to challenge a charge or conviction that is improper. Plaintiff may do so (subject to certain limitations) in her criminal case, through appeal of any criminal conviction, or through a petition for writ of habeas corpus. However, Plaintiff may not sue the prosecutors in her criminal case for pursuing criminal charges as part of their prosecutorial function.

## IV.    RECOMMENDATIONS AND ORDER

For the foregoing reasons, the Court recommends dismissing Plaintiff's case. The Court also does not recommend giving leave to amend. Although this is Plaintiff's first complaint, it is clear that Plaintiff is attempting to sue a state prosecutor for actions performed in his role as prosecutor. Prosecutors acting within their prosecutorial functions are immune from such lawsuits, and thus leave to amend such a claim would be futile.

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed.

2. The Clerk of the Court be instructed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Finally, IT IS ORDERED that the Clerk's Office assign a district judge to this case.

IT IS SO ORDERED.

Dated:  **October 3, 2023**                    /s/ Eric P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE